Filed 6/23/21  P. v. Turner CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> TYRONE TENDASHAGI TURNER, <br><br> Defendant and Appellant. | F081519 <br><br> (Kern Super. Ct. No. DF014539A) <br><br><br> **OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  David E. Wolf, Judge.

Dorothy A. Streutker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Appellant and defendant Tyrone Tendashagi Turner, a state prison inmate, pleaded no contest to felony aggravated battery and was sentenced to two years in prison.  On

---

* Before Hill, P.J., Levy, J. and Detjen, J.

appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[1]

On July 30, 2018, Correctional Officer Bess was on duty at Kern Valley State Prison; he was picking up trays after breakfast. He reached cell No. 102, where defendant was housed by himself. Defendant had just arrived in the facility one or two days earlier. Bess opened the cell's food port, and defendant was supposed to hand out his food tray. Instead, defendant threw the contents of a milk carton at Bess. The contents consisted of feces and landed on Officer Bess's skin and uniform. Defendant yelled, "[T]his is your fault, you should have never listened to that bitch." Bess did not know what defendant meant and had no prior history with him.

## PROCEDURAL BACKGROUND

On November 18, 2019, an information was filed in the Superior Court of Kern County charging defendant with a felony violation of Penal Code section 4501.1,[2] aggravated battery on a peace officer or state prison employee by gassing, with the further allegation that he had a prior strike conviction for murder in 1996.

On March 17, 2020, defendant entered into a negotiated disposition and pleaded no contest to the charged offense; he also admitted the prior strike conviction, for an indicated second strike term of two years consecutive to the prison term he was already serving.

On June 29, 2020, the court sentenced defendant to one year (one-third the midterm) doubled to two years as the second strike term, to be served consecutively to

---

[1] The facts are from the preliminary hearing transcript.

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

2.

the sentences he was already serving: a 10-year determinate term plus life without the possibility of parole.

Defense counsel objected to the imposition of any fines or fees. Defendant addressed the court and stated he did not have the means to pay any restitution; he was physically able to work, but there was no law that required the prison to assign a job to him.

The court stated it was aware of the holding in *People v. Dueñas* (2019) 30 Cal.App.5th 1157, and found defendant was not similarly situated as the probationer in that case, who was disabled, unable to work, and sent to jail because she could not pay the fines. The court noted defendant appeared able-bodied, and he was already serving a sentence for life in prison without possibility of parole. The court stated it would impose the minimum restitution fine.

The court imposed the statutory minimum $300 restitution fine (§ 1202.4, subd. (b)), suspended the same amount for the parole revocation fine (§ 1202.45); and also imposed a $40 security fee (§ 1465.8) and a $30 criminal conviction assessment (Gov. Code, § 70373).

On August 3, 2020, defendant filed a notice of appeal.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on December 10, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

3.